72 F.3d 138
 67 Empl. Prac. Dec. P 43,815
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alan R. POST, Plaintiff-Appellant,
v.
KANSAS GAS AND ELECTRIC COMPANY, a wholly-owned subsidiary
of Western Resources, Inc. Defendant-Appellee.
 No. 95-3015.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's grant of summary judgment to defendant on plaintiff's claim for constructive discharge in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-634. The district court determined that plaintiff failed to raise a genuine issue of material fact as to whether the reason advanced by defendant for its actions was pretextual and as to whether the challenged actions constituted a constructive discharge. Because we agree that plaintiff failed to establish a genuine issue of material fact on the matter of pretext, we need not consider whether defendant's alleged discriminatory acts resulted in a constructive discharge by " 'ma[king] working conditions so difficult that a reasonable person in [plaintiff's] position would feel compelled to resign,' " Spulak v. K Mart Corp., 894 F.2d 1150, 1154 (10th Cir.1990)(quoting Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir.1986)).
 
 
 3
 Plaintiff began work for defendant Kansas Gas and Electric Company (KGE) on September 27, 1990, as a mid-level attorney earning an annual salary of $65,000. Plaintiff was then forty-two years old. When he was hired, KGE was facing a hostile takeover by Kansas City Power and Light Company (KPL), and plaintiff was told that no jobs with KGE were secure. In October 1990, KGE and KPL announced a proposed merger, pending stockholder and regulatory approval, whereby KGE would be acquired by a subsidiary of KPL.
 
 
 4
 As part of the merger process, John Rosenberg, the head of KPL's legal department, appointed a committee in July 1991 to make recommendations to him for integrating the two companies' legal departments. The committee was comprised of all the supervising attorneys from KGE and KPL, with the exception of Rosenberg and Ralph Foster, the head of KGE's legal department. The committee began by designing an appropriate structure for the new legal department. Once the structure was approved, the committee made recommendations as to who should fill the various positions. Rosenberg then made the final staffing decisions based on the committee's recommendations.
 
 
 5
 In March 1992, the committee recommended that plaintiff be offered the staff attorney position in the administration section, which was the lowest attorney position in the newly integrated legal department. Plaintiff was offered the position at an annual salary of $57,760, which was about $8,000 less than he had been earning. Because he considered the position to be a demotion, in terms of both salary and responsibilities, plaintiff declined the offer. Plaintiff then became part of the "resource group," which was a pool of those KGE and KPL employees who had not received acceptable offers in the merger process and who wanted to continue working while awaiting the possibility of a better offer. By late April, plaintiff thought the prospects of a better offer were dim, and he knew his eligibility for a merger-related severance package was about to expire. Plaintiff, therefore, decided to tender his resignation and accept the severance package.
 
 
 6
 Plaintiff later brought suit, alleging that he had been constructively discharged as a result of both age and disability discrimination (plaintiff suffers from a severe hearing loss). The district court dismissed plaintiff's state claims for disability and age discrimination, because he had not yet exhausted his state administrative remedies, and proceeded on plaintiff's federal ADEA claim, alone.
 
 
 7
 We review the district court's grant of summary judgment on the ADEA claim de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir.1995). In applying the summary judgment standard, we construe the factual record and all reasonable inferences therefrom in the light most favorable to plaintiff, the nonmoving party. Id. "We note, however, that this court is not required to evaluate every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones." Lucas v. Dover Corp., 857 F.2d 1397, 1401 (10th Cir.1988)(quotations omitted).
 
 
 8
 In age discrimination cases, courts apply the same burden-shifting analysis adopted in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny for resolving discrimination cases under Title VII. See Branson v. Price River Coal Co., 853 F.2d 768, 770 (10th Cir.1988). Pursuant to this analysis, the plaintiff must first establish a prima facie case of discrimination. Randle v. City of Aurora, No. 94-1137, 1995 WL 627515, * 7 (10th Cir. Oct. 26, 1995). Once the plaintiff does so, the defendant must then articulate a "facially nondiscriminatory reason for its employment decision." Id. If the defendant meets this burden of production, "the presumption of discrimination established by the prima facie showing 'simply drops out of the picture.' " Ingels v. Thiokol Corp., 42 F.3d 616, 621 (10th Cir.1994)(quoting St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2749 (1993)). "The plaintiff then carries the full burden of persuasion to show that the defendant discriminated on the illegal basis of age. The plaintiff may do so by either showing that the proffered reason is a pretext for illegal discrimination, or by providing direct evidence of discrimination." Id.
 
 
 9
 Here, plaintiff had no direct evidence of discrimination and, therefore, attempted to show that defendant's proffered reason for its actions was pretextual. To survive summary judgment, plaintiff had only to establish that a genuine dispute of material fact existed as to whether the reason defendant advanced for its actions was pretextual--that is, unworthy of belief. Randle, 1995 WL 627515 at * 7. If plaintiff met his burden, the case would go to trial, where "plaintiff [would have to] convince the jury not only that the reason proffered by the defendant was pretextual, but that the jury should infer that the defendant's pretext concealed a motive of discriminating against the plaintiff in violation of the civil rights laws," id. at * 12 n. 18.
 
 
 10
 In ruling on the summary judgment motion, the district court first assumed that plaintiff had established a prima facie case of discrimination, and then considered whether defendant had articulated a facially neutral reason for offering plaintiff the staff attorney position in the newly integrated legal department. The evidence showed that, in recommending plaintiff for the staff attorney position, the committee relied on plaintiff's formal evaluation for 1991, which was issued in January 1992 and reflected that plaintiff was not meeting expectations. The committee also considered the comments of the three supervising attorneys from KGE who were on the committee.
 
 
 11
 Information from these sources showed that plaintiff had committed numerous errors during the past year, including producing privileged documents to opposing counsel, giving incorrect legal advice to a supervising attorney, and producing work for other attorneys that was not satisfactory. These errors had prompted Ralph Foster to meet with plaintiff and the other KGE supervising attorneys on December 5, 1991, and to advise plaintiff in writing that his "performance to date clearly has not met the level of performance which is expected of an attorney with almost 20 years of experience." Appellant's App., Vol. II at 307B. Foster's December 5 letter also informed plaintiff that, until further written notice, "all legal documents and correspondence or meetings you attend will be reviewed or attended by one of the Supervising Attorneys." Id.
 
 
 12
 The chairman of the integration committee testified, and the committee's written recommendations reflected, that the committee chose plaintiff for the staff attorney position because his work had to be supervised and his "potential for doing more demanding legal functions," id. at 565, was not as great as that of other attorneys in the two legal departments. Based on the foregoing evidence, the district court properly concluded that defendant had articulated a facially neutral reason for its employment decision.
 
 
 13
 To survive summary judgment, plaintiff then had to establish the existence of a genuine issue of material fact as to whether defendant's articulated reason for its decision was unworthy of belief. Randle, 1995 WL 627515 at * 7. Plaintiff relied on the following as evidence of pretext.
 
 
 14
 First, most of the events that Foster referred to in his December 5 letter had occurred some months in the past and reflected only minor errors by plaintiff that caused no harm to KGE. That these errors were only minor, plaintiff contended, was evidenced by the lack of any written reprimand contemporaneous with the respective events. Further, neither Foster nor the other three supervising attorneys who met with plaintiff on December 5 identified which other KGE employees had allegedly complained about his work. Finally, plaintiff said that Foster discouraged any written response to his December 5 letter.
 
 
 15
 Based upon our review of the record, we conclude that no jury could reasonably infer from the evidence that defendant's reason for its employment decision is unworthy of belief. While plaintiff may think his errors were only minor, "[i]t is the perception of the decision maker which is relevant, not plaintiff's perception of [him]self," Branson, 853 F.2d at 772. "[C]ourts are not free to second-guess an employer's business judgment...." Id.; see also Sanchez v. Philip Morris Inc., 992 F.2d 244, 248 (10th Cir.1993)("[W]e are not in the business of determining whether an employer acted prudently or imprudently in its hiring decisions."). Plaintiff produced no evidence that other attorneys had committed similar errors and received different treatment. All the other attorneys in both legal departments had received evaluations for 1991 reflecting that they were either meeting expectations, exceeding expectations, or significantly exceeding expectations.
 
 
 16
 Further, because plaintiff did not establish what defendant's usual practice was with respect to written reprimands, a jury could not reasonably infer from the lack of contemporaneous written warnings that the errors plaintiff committed were actually of little concern to defendant, especially in light of plaintiff's admission that he did receive contemporaneous verbal expressions of dissatisfaction or concern from his supervisors. Finally, although Foster and the other KGE supervising attorneys who met with plaintiff on December 5 did not identify which other KGE employees had complained to them about plaintiff's work, when questioned at their depositions, these attorneys specifically identified other complainants and the nature of their complaints. Likewise, deposition testimony from some of the complainants verified their own dissatisfaction with plaintiff's work. Thus, a jury could not reasonably infer from Foster's and the other supervising attorneys' lack of specificity on December 5 that their representations to plaintiff about other complaints were false.
 
 
 17
 Because plaintiff failed to raise a genuine issue of material fact as to whether the reason articulated by defendant for its employment decision was unworthy of belief, the district court properly granted summary judgment in favor of defendant on plaintiff's claim for age discrimination. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation